**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5019

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN DOUGLAS CALDWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-04-80)

Submitted: May 3, 2006                Decided: May 25, 2006

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Timothy Jon LaFon, CICCARELLO & DEL GIDUICE, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Douglas Caldwell pled guilty pursuant to a written plea agreement to one count of possession of a firearm by an adjudicated mental defective and one count of providing false information, in violation of 18 U.S.C. §§ 922(g)(4); 924(a)(1)(A), (a)(2) (2000). He was sentenced to a total term of imprisonment of seventy-eight months. On appeal, Caldwell contends that the district court erred in its application of the Sentencing Guidelines. We affirm.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47; see also United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (stating a sentence imposed within a properly calculated guideline range is presumptively reasonable), cert. denied, __ U.S. __, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474). When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de

novo.  <u>Green</u>, 436 F.3d at 456.  A sentence is unreasonable if based on an error in construing or applying the Sentencing Guidelines. <u>Id.</u> at 456-57.

Caldwell first argues that the Government failed to establish by a preponderance of the evidence that he used a firearm in the commission of another felony offense.  Specifically, Caldwell argues that the testimony did not place him at the scene of the crime during its commission.  He reasons that his admission that he was a gun enthusiast explained why his shell casings were found at the crime scene.  However, a Government witness testified that she saw a man in a dark colored truck fire a weapon from inside his vehicle.  The unidentified individual fired the weapon not only at the witness's truck, but also in her direction.  The witness immediately brought law enforcement officers back to the crime scene, resulting in the discovery of shell casings.  These casings were described as "fresh" by the witness because they were not rusty or dirty.

Further, a trace evidence expert testified that gunshot residue was found in the interior of Caldwell's truck. Specifically, residue was found on the driver's side door, the headliner above the driver's side door, and the steering wheel. Additionally, a ballistics expert testified that the markings on the shell casings recovered from the crime scene matched those test fired from Caldwell's weapon.  Based on these facts, we conclude

the district court did not clearly err in finding Caldwell used the firearm in the commission of another felony offense.[*]

Next, Caldwell contends the district court erred in determining he possessed more than fifty firearms. He argues that the mere fact that the firearms were seized from his residence is insufficient to establish possession. However, Caldwell's argument ignores the concept of constructive possession, wherein it is sufficient to prove that "the defendant exercised, or had the power to exercise, dominion and control over the item." United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997). A Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified that more than fifty firearms and more than 47,000 rounds of ammunition were seized from Caldwell's residence. Further, witnesses testified that they had not only heard Caldwell speak about the firearms he owned, but also witnessed him shoot various firearms. Additionally, Caldwell acknowledges that he was a firearm enthusiast. Therefore, we conclude the district court did not clearly err in finding Caldwell possessed more than fifty firearms, and, consequently, the district court properly applied the sentencing enhancements.

---

[*]Caldwell also challenges the evidence presented in relation to another felony offense alleged by the Government. However, we need not address this evidence as the truck shooting supports the enhancement.

Caldwell's final contention is that it was "fundamentally unfair" for the district court to calculate his offense level using the law in effect at the time of the commission of the offense and then apply the guidelines as advisory rather than mandatory. Caldwell committed the instant offense in February 2003, more than one year before the ban on semiautomatic firearms was repealed. See 18 U.S.C. § 921 (2000) (amendments and historical notes). Therefore, § 921(a)(30)(B) was properly treated as remaining in force for sentencing purposes. See 1 U.S.C. § 109 (2000). Further, the district court appropriately treated the Sentencing Guidelines as advisory because sentencing occurred post-Booker. Because the district court properly calculated and considered the advisory guideline range and weighed the relevant § 3553(a) factors, we conclude Caldwell's sentence was reasonable.

Accordingly, we affirm Caldwell's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED